UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RICKEY MARTIN, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

    Case No.: _____

LENS.COM, INC.,

    Defendant.
_____/

### DEFENDANT LENS.COM, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Lens.com, Inc. ("Lens.com") hereby removes the above-captioned action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (where this action bore Broward County Case No. CACE-24-002448) to the United States District Court for the Southern District of Florida.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d) and 1441.

In further support of this Notice of Removal, Lens.com states as follows:

### PROCEDURAL HISTORY

1. On February 21, 2024, Plaintiff Rickey Martin filed the removed case, *Rickey Martin v. Lens.com, Inc.*, Broward County Case No. CACE-24-002448, in the Seventeenth Judicial Circuit, in and for Broward County, Florida, which is within the jurisdiction and venue of the United States District Court for the Southern District of Florida.  A true and correct copy of the Class Action Complaint ("Complaint") is attached as **Exhibit A**.  A true and correct copy of the Summons that issued is attached as **Exhibit B**.

2. Plaintiff served Lens.com on February 27, 2024, as reflected in the Service of Process Worksheet, attached as **Exhibit C**.

3. A true and correct copy of the complete record in this action in the Seventeenth Judicial Circuit, in and for Broward County, Florida is attached as **Exhibit D**.

1

4.     Exhibits A–D constitute all the process, pleadings, and orders that are available from the public state court record in connection with Broward County Case No. CACE-24-002448, in the Seventeenth Judicial Circuit, in and for Broward County, Florida, as of the date of the filing of this Notice of Removal.

## NATURE OF THE REMOVED ACTION

5.     Plaintiff alleges that he "is … a citizen residing in Sunrise, Broward County, Florida."  Compl., ¶ 4.

6.     Plaintiff alleges that Lens.com "is a corporation organized and existing under the laws of the State of Nevada with its headquarters located at 4730 S. Fort Apache Rd Suite 300, Las Vegas, Nevada 89147-7947." *Id.*, ¶ 5.

7.     Plaintiff alleges that Lens.com "advertises artificially low prices that lure consumers to [Lens.com's] website … then gouges consumers with a misleading added fee," i.e., "Taxes & Fees."  *Id.*, ¶¶ 10–19.

8.     Plaintiff alleges that he was personally harmed on January 6, 2021 (Order No. #1895146291), when he purchased four boxes of contact lenses for $92.71 (plus shipping). Compl., ¶¶ 20.  According to Plaintiff, he paid "$12.75 for 'Taxes & Fees.'" *Id.*

9.     Plaintiff alleges that he was personally harmed again on March 19, 2021 (Order No. #1694007434), when he purchased eight boxes of contact lenses for $185.43 (plus shipping). *Id.*, ¶ 21.  According to Plaintiff, he paid "a $25.51 charge for 'Taxes & Fees.'" *Id.*

10.    Plaintiff alleges that he was personally harmed again on May 23, 2021 (Order No. #1927595869), when he purchased four boxes of contact lenses for $183.52 (plus shipping).  *Id.*, ¶ 22.  According to Plaintiff, he paid "a $39.96 charge for 'Taxes & Fees.'" *Id.*

11.    Plaintiff alleges that he was personally harmed again on August 10, 2021 (Order No. #1826235164), when he purchased four boxes of contact lenses for $191.92 (plus shipping). *Id.*, ¶ 23.  According to Plaintiff, he paid "a $39.96 charge for 'Taxes & Fees.'" *Id.*

12.    Plaintiff alleges that he was personally harmed a fifth time on October 26, 2021 (Order No. #1214916529), when he purchased four boxes of contact lenses for $212.89 (plus shipping).  *Id.*, ¶ 24.  According to Plaintiff, he paid "a 39.96 charge for 'Taxes & Fees.'" *Id.*

13.    Plaintiff seeks to represent a putative class of Florida residents and consumers. Plaintiff defines his putative class as follows:

All Florida residents and consumers who, within the applicable statute of limitations

preceding the filing of this action to the date of class certification, purchased products from Defendant and paid a charge labeled "Taxes & Fees" (known to Defendant as a "Processing" fee).  *Id*., ¶ 26.

14.    Plaintiff, on behalf of himself and the putative class, brings claims against Lens.com under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Fla. Stat. §§ 501.201, *et seq*.) (Count One), Breach of Contract (Count Two), and Unjust Enrichment (Count Three).  *Id*., ¶¶ 34–55.

15.    Plaintiff seeks class-wide damages, including "[r]estitution for Plaintiff and the Class members for 'Taxes & Fees' and/or 'Processing' fee" and "[j]udgment for actual damages." *Id*., ¶ 56(c)–(d).  Plaintiff further seeks pre- and post-judgment interests, costs, attorneys' fees, and a preliminary and/or permanent injunction.  *Id*., ¶ 56(e)–(g).

## VENUE

16.    For purposes of the instant Notice of Removal, venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing Broward County, the location where the state court was pending.

17.    However, Lens.com will not ultimately consent to venue in the United States District Court for the Southern District of Florida because an operative forum-selection clause requires the action be brought in Nevada.  Thus, pursuant to 28 U.S.C. § 1404(a), Lens.com intends to move the Court to transfer this action to the United States District Court for the District of Nevada, to which all parties have consented under the forum-selection clause.

## REMOVAL IS TIMELY

18.    Plaintiff personally served Lens.com with a copy of the Complaint on February 27, 2024.  *See* Ex. C, Service of Process Worksheet at 1.

19.    Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed on March 27, 2024, which is within 30 days of service of the Complaint.

## REMOVAL IS PROPER

20.    Removal is proper under the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. § 1332(d), because this matter is a class action with minimally diverse parties, there is an aggregated amount in controversy in excess of $5,000,000, and the number of proposed class members is more than 100.

21.    First, the parties are minimally diverse.  Plaintiff, who seeks to represent the class,

is allegedly a citizen of Florida. *See* Compl. ¶ 4. (alleging that Plaintiff is a citizen of Sunrise, Broward County, Florida). As alleged, Lens.com is not a Florida citizen—it is headquartered in Nevada and incorporated under Nevada law. *See* Compl. ¶ 5; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Because Plaintiff is a Florida citizen and Lens.com is not a Florida citizen, the parties are minimally diverse. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—[] any member of a class of plaintiffs is a citizen of a State different from any defendant.").

22. None of the CAFA exceptions to federal jurisdiction over a putative class action apply because the "primary defendant[]" or the defendant "from whom significant relief is sought"—Lens.com, the only named defendant in this action—is not a Florida citizen. *See* 28 U.S.C. § 1332(d)(3)–(4).

23. Second, the amount in controversy requirement is met. To satisfy the amount-in-controversy requirement with a notice of removal, a defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. "When damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that 'the amount in controversy more likely than not exceeds ... the jurisdictional requirement.'" *Perez v. Cellco Partnership*, 2014 U.S. Dist. LEXIS 72569, at *4-5 (M.D. Fla. May 28, 2014) (citing *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010)).

24. Plaintiff seeks "actual damages" and "restitution for Plaintiff and the Class members." Compl., ¶ 56(c)–(d). While Lens.com disputes Plaintiff's class definition, Plaintiff alleges that the class members include "[a]ll Florida residents and consumers who … purchased products from Defendant and paid a charge labeled 'Taxes & Fees'…." *Id*., ¶ 26. Plaintiff alleges that restitution encompasses "payments only for 'Taxes & Fees' and/or 'Processing' fee…." *Id*., ¶ 56(c). From 2020 to 2024, Lens.com estimates that Florida consumers paid over

4

$5,000,000 in "Taxes & Fees."

25. Plaintiff also seeks "[p]re- and post-judgment interest on the amount recovered." Compl., ¶ 56(e).

26. Plaintiff also seeks "[a]ttorneys' fees and costs of this action." Compl., ¶ 56(f). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

27. Plaintiff also seeks injunctive relief, *see* Compl., ¶ 56(g); *see also* ¶ 42 (Defendant alleges it "is entitled to … an injunction….") *See Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1065 (S.D. Fla. 1995) ("[C]laims for injunctive relief must be measured in terms of the potential damages which such relief may prevent."); *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014) (the value of injunctive relief "is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." (cleaned up)).

28. Taken together, Plaintiff's requests for (1) actual damages and restitution; (2) pre- and post-judgment interest; (3) attorneys' fees; and (4) the potential value of Plaintiff's requested injunctive relief plausibly exceeds the $5 million threshold for federal jurisdiction under 28 U.S.C. § 1332(d). *Dart*, 574 U.S. at 89.

29. Third, because Lens.com is a well-established company that sells products to consumers across the country, the number of proposed class members is greater than 100. For example, based on the class allegation currently alleged, Lens.com estimates that in 2023 alone, it sold products to over 15,000 customers in Florida.

30. Pursuant to 28 U.S.C. § 1446(d), Lens.com will serve written notice of removal of this case on Plaintiff's counsel by first-class mail and email at the following addresses:

>**METHVIN, TERRELL, YANCEY,**
>**STEPHENS & MILLER, P.C.**
>J. Matthew Stephens
>mstephens@mtattorneys.com
>2201 Arlington Avenue South
>Birmingham, AL 35205
>
>**MEYERS & FLOWERS, LLC**
>Matthew Herman, Esq.
>mh@meyers-flowers.com
>3 N. 2nd Street, Suite 300
>St. Charles, IL 60174

31. Pursuant to 28 U.S.C. 1446(d), Lens.com will promptly file a notice of this removal filing with the Clerk of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

32. Lens.com will promptly file with this Court proof having filed this Notice of Removal with the clerk of the state court and having served it on all adverse parties.

33. The recitation of Plaintiff's allegation in this Notice of Removal is not a concession that Plaintiff's allegations or legal theories have merit. Lens.com reserves the right to assert all applicable defenses in this matter and denies that Plaintiff is entitled to any relief. By removing this matter, Lens.com does not waive and reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses. Lens.com does not concede that Plaintiff is entitled to any recovery whatsoever.

## CONCLUSION

34. Pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, Lens.com hereby removes the above-captioned action from the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the Southern District of Florida.

DATED: March 27, 2024.

                Respectfully submitted,

                */s/ James Lee*
                James W. Lee
                Florida Bar No. 67558
                Laselve E. Harrison
                Florida Bar No. 112537
                **BOIES SCHILLER FLEXNER LLP**
                100 SE Second Street, Suite 2800
                Miami, FL 33131
                Tel: (305) 539-8400
                jwlee@bsfllp.com
                lharrison@bsfllp.com

                Mark M. Bettilyon
                (*pro hac vice* application pending)
                Jed H. Hansen
                (*pro hac vice* application pending)
                Joseph M. Harmer
                (*pro hac vice* application pending)
                **THORPE NORTH & WESTERN, LLP**
                The Walker Center
                175 S. Main Street, Suite 900

Salt Lake City, Utah 84111
Tel: (801) 566-6633
mark.bettilyon@tnw.com
hansen@tnw.com
joseph.harmer@tnw.com

*Counsel for Defendant Lens.com, Inc.*